**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**GERALD DEROUCHE,**                                             CIVIL NO. 07-2142 (PJS/AJB)

        PLAINTIFF,

v.                                                               **REPORT AND RECOMMENDATION ON**
                                                                 **PLAINTIFF'S MOTION FOR FEES UNDER**
                                                                 **THE EQUAL ACCESS TO JUSTICE ACT**

**MICHAEL J. ASTRUE, COMMISSIONER OF**
**SOCIAL SECURITY,**

        DEFENDANT.

___

Lionel H. Peabody, Esq., for Plaintiff Gerald Derouche

Lonnie F. Bryan, Assistant United States Attorney for the Commissioner

___

**I.    INTRODUCTION**

This matter is before the Court for a Report and Recommendation ("R&R") to the District Court regarding Plaintiff Gerald Derouche's Motion for Attorney Fees Under the Equal Access to Justice Act (EAJA)-28 U.S.C. § 2412(d)[Docket No. 26]. Plaintiff requests attorney's fees in the amount of $5,824.00 and costs in the amount of $56.45 (for a total of $5,880.45).

**II.   BACKGROUND**

Plaintiff brought this matter before the Court following the Commissioner's final decision denying disability. On December 4, 2007, Plaintiff and Defendant entered a joint stipulation and petition that this Court order remand of this case "for further administrative proceedings pursuant to the

fourth sentence of section 205(g), 42 U.S.C. § 405(g), and to enter judgment pursuant to Federal Rule of Civil Procedure 58" [Docket No. 22]. On December 6, 2007, United States District Judge Patrick J. Schiltz ordered that the Commissioner's decision be reversed and the case be remanded pursuant to 42 U.S.C. § 405(g), and ordered judgment entered accordingly [Docket No. 23]. Judgment was entered the same day [Docket No. 24]. Plaintiff has now filed a motion seeking to collect attorney fees and costs under the EAJA.

**III.    DISCUSSION**

Under the EAJA, a prevailing party in any civil action against the United States, including judicial review of an agency action, shall be awarded attorney fees. 28 U.S.C. § 2412(d)(1)(A). An award of attorney fees under the EAJA is unavailable, however, if the agency's actions were "substantially justified  or that special circumstances make an award unjust." Id. "Substantially justified means justified to a degree that could satisfy a reasonable person or having a reasonable basis in law and fact." Koss v. Sullivan, 982 F.2d 1226, 1229 (8th Cir. 1993) (quoting Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988) (internal quotation marks omitted)). The burden is on the Commissioner to demonstrate that the denial of disability insurance benefits actions was substantially justified. Lauer v. Barnhart, 321 F.3d 762, 764 (8th Cir. 2003).

Plaintiff requests compensation for counsel's 36.4 hours representing him in federal court at an hourly rate of $160.00 per hour for a total of $5824.00. See Mem. 5 [Docket No. 28]; Ex. 4 [Docket No. 27]. He also seeks reimbursement for other expenses-postage fees for service ($18.45) and photocopies ($38.00)-totaling $56.45. See Mem. 5 [Docket No. 28]. Plaintiff claims all these fees and expenses are reasonable, necessary, and recoverable under the EAJA. Id. (citing Sullivan v. Hudson,

490 U.S. 877 (1989); Kelly v. Bowen, 862 F.2d 1333 (8th Cir. 1988)).

However, Defendant objects to Plaintiff's request for fees and expenses under the EAJA and requests that this Court reduce Plaintiff's award "to reflect a reasonable award expended on litigating this case." See Mem. 1 [Docket No. 30][1]. Defendant argues that the 7 hours Plaintiff's attorney spent reviewing a 350 page transcript and roughly 25 hours drafting his brief were excessive in this case. Defendants state, "Because Plaintiff's attorney represented Plaintiff before the Appeals Council and was familiar with the record, and did not raise any novel issues in his brief to this Court, the Commissioner argues that 32 hours briefing this case is excessive." Id. at 2. Defendants also objects to Plaintiff receiving fees for .2 hours billed for requesting an extension of time to file his brief. Id.; see also Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)("[h]ours that not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority").

The Court finds it reasonable[2] to spend 7 hours reviewing a 350 page record. Spending roughly 25 billable hours on legal research, drafting, and revising a 46-page summary judgment brief is also reasonable. Nonetheless, the Court agrees with Defendant that Plaintiff should not receive fees for filing its motion to extend briefing time. As Defendant states, "[T]his is not an item that an attorney would normally bill his own client and, therefore, should not be compensated for..." See Mem. 3

---

[1] The Court would note that Defendant does not dispute Plaintiff's contention that its position was not substantially justified. See Mem. [Docket No. 30].

[2] Fees awarded pursuant to a fee-shifting statute must be reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. Id. The fee applicant bears the burden of establishing entitlement to an award of attorney's fees. Id.

3

[Docket No. 30].[3]

### III. RECOMMENDATION

Accordingly, this Court **recommends** that Plaintiff's Motion for Attorney Fees [Docket No. 26] be **GRANTED** and, attorney fees in the amount of $5792.00 and costs in the amount of $56.45 be awarded.

Dated:   March 20, 2008

   s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before April 3, 2008.

---

[3] Plaintiff subsequently filed a Reply Memorandum in response to Defendant's objections and seeking compensation for the 1.3 billable hours spent preparing said reply [Docket No. 31]. Plaintiff claims that time spent filing a reply brief is time spent obtaining the EAJA award which should be compensable. See Mem. 2 [Docket No. 31](citing Kelly, 862 F.2d at 1334). The Court, however, finds Plaintiff's reply brief is redundant and unnecessary in aiding its determination of a reasonable award for attorney's fees under the EAJA. Therefore, Plaintiff's request for additional fees for time expended in preparing its reply should be denied.